UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DJIME S. SACKO, individually and on
behalf of all other persons similarly situated,

                Plaintiff,

                                                                              14 CIV 3768

  -against-

BLUE PERIMETER, INC.; and ROBERT J.
GIANNETTA; jointly and severally,

                Defendants.

------------------------------------------------------------------------X


## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE THE TOLLING OF THE TIME TO ANSWER


                                                          Cuomo LLC
                                                          9 East 38th Street, Third Floor
                                                           New York, New York 10016-0003
                                                           (212) 448-9933
                                                           sdavid@cuomollc.com


By:
Sara R. David, Esq.

## PLAINTIFF'S MOTION HAS NO BASIS IN LAW

Defendants have established their entitlement to dismissal of the Complaint in their Motion to Dismiss pursuant to Rule 12(b)(6) and 12(d), which was fully submitted on August 14, 2014. Nevertheless, Plaintiff's counsel has filed this frivolous motion, which has no basis in law.

A review of the Practice Commentary to FRCP Rule 12 reveals the following explanation of the effect of a Rule 12 motion on the Defendant's time to answer: "Rule 12 is one of the most important—and most used—of the Federal Rules…. It creates the now well-established structure allowing defendants to respond either with an answer or with a pre-answer motion, with the duty to answer then deferred until the court resolves the pre-answer motion." STEVEN S. GENSLER, FEDERAL RULES OF CIVIL PROCEDURE RULES AND COMMENTARY, F.R.C.P. Rule 12, at 211 (Thompson Reuters 2012).

As the Practice Commentary to Rule 12 explains, "a pre-answer motion under Rule 12(b) tolls the time to answer until after the court rules on the motion. If the court denies the motion, the defendant must then answer within 14 days. (If the court grants the motion, the case is dismissed and no answer is required.) Thus, the deadline to 'answer' is really the deadline to respond with either a pre-answer motion or an answer." Id. at 212.

Accordingly, Defendants were fully within their right to file a motion pursuant to Rule 12(b)(6), particularly in light of the fact that Plaintiff's claims cannot be substantiated and are entirely meritless.

Telling is the fact that Plaintiff's motion relies exclusively on Ricke v. Armco Inc., a 1994 case from the District of Minnesota, which only been cited by one other court since (the District of West Virginia in 2003). Even assuming that Ricke can even be considered persuasive precedent, which is a stretch, the case is entirely distinguishable. In Ricke, Armco filed a

"Motion to Dismiss" based upon "the Federal Rules of Civil Procedure", without identifying the applicable Rule or standard of review under which it sought relief. <u>Ricke v. Armco Inc.</u>, 158 F.R.D. 149, 149 (D. Minn. 1994). The Court concluded based on Armco's inclusion of "numerous exhibits and supporting documents, all of which clearly involve 'matters outside the pleadings' ... that Armco's motion is a Motion for Summary Judgment pursuant to Rule 56." <u>Id.</u> at 150. While the court declined to grant summary judgment to Armco, it notes that "the rules allow the Court to construe a Motion to Dismiss as a Motion for Summary Judgment if matters outside the pleadings are presented." <u>Id.</u> "Where a Court so construes a motion, summary judgment could conceivably be entered before an answer is filed." <u>Id.</u>

Defendants' filing of a pre-answer motion to dismiss pursuant to Rules 12(b)(6) and 12(d) was entirely appropriate, particularly given the absence of any meritorious claim by the Plaintiff. Plaintiff's continued prosecution of this matter, and specifically Plaintiff's request that the court issue a default judgment in the face of a fully briefed and timely motion to dismiss, constitutes frivolous conduct, for which Defendants will seek sanctions under Rule 11.

Simply put, there is no basis for Plaintiff's motion, let alone the relief requested (entry of default judgment).

## CONCLUSION

For the foregoing reasons Defendants respectfully request that the instant motion be denied in its entirety.

Dated:   New York, New York
         August 27, 2014

_____
SARA R. DAVID (SD1072)